PROB 12C
(6/16)

Report Date: October 14, 2020

## United States District Court

for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 14, 2020

SEAN F. McAVOY, CLERK

### Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Ian Christopher Evans          Case Number: 0980 2:16CR00052-WFN-1

Address of Offender:                              Washington 98844

Name of Sentencing Judicial Officer:  The Honorable Wm. Fremming Nielsen, Senior U.S. District Judge

Date of Original Sentence: February 28, 2017

Original Offense:        Distribution of Child Pornography, 18 U.S.C. § 2252A(a)(2), (b)(1)

Original Sentence:       Prison - 60 months              Type of Supervision: Supervised Release
                         TSR - 120 months

Asst. U.S. Attorney:     U.S. Attorney Office            Date Supervision Commenced: September 22, 2020

Defense Attorney:        Federal Defender's Office       Date Supervision Expires: September 21, 2030

### PETITIONING THE COURT

To issue a summons.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Mandatory Condition # 1**: You must not commit another federal, state or local crime. |

**Supporting Evidence**: On October 5, 2020, Mr. Evans is alleged to have violated the terms of his supervised release by committing the offense of first degree negligent driving, a direct violation of mandatory condition number 1.

On September 22, 2020, Mr. Evans reported to the U.S. Probation Office for the purpose of an intake. It was at that time he was informed of all mandatory, standard, and special conditions of supervised release. Mr. Evans acknowledged he understood his obligation to the Court.

On October 5, 2020, at 10:13 a.m., per the Oroville Police Department (OPD) report R20-0825, an OPD officer responded to a reported rollover collision, in which he noticed a maroon vehicle sitting on its roof. The OPD officer was informed by bystanders that a male, later identified as Mr. Evans, was the driver of this vehicle. Upon contacting Mr. Evans, the OPD officer observed Mr. Evans was having trouble walking in a straight line, that he had very red and watery eyes, his speech was slurred, and the officer detected a strong odor of intoxicants coming from Mr. Evans' person. Mr. Evans admitted to the OPD officer he had consumed alcoholic beverages the evening prior. Emergency medical services responded to

the scene and it was determined that Mr. Evans needed to be transported by ambulance to the Tonasket Hospital for medical attention. Due to the seriousness of the collision and Mr. Evans' need for medical attention, the OPD officer was unable to administer field sobriety tests and/or a blood alcohol reading. The OPD officer was unable to accompany Mr. Evans to the hospital, so in lieu of charging him with driving under the influence, he was charged with first degree negligent driving. Mr. Evans was located by the OPD officer on October 7, 2020, and was provided a criminal citation with a court date set for October 19, 2020.

2   **Standard Condition # 4**: You must be truthful when responding to the questions asked by your probation officer.

**Supporting Evidence**: On October 6, 2020, it is alleged that Mr. Evans violated the terms of his supervised release by not being truthful to the questions asked by his probation officer, a direct violation of standard conditions number 4.

On September 22, 2020, Mr. Evans reported to the U.S. Probation Office for the purpose of an intake. It was at that time he was informed of all mandatory, standard, and special conditions of supervised release. Mr. Evans acknowledged he understood his obligation to the Court.

On October 6, 2020, the undersigned spoke with Mr. Evans via telephone after he had apparent contact with OPD on October 5, 2020. Mr. Evans admitted to having law enforcement contact on October 5, 2020, as he was involved in a serious car accident that required him to go the emergency room. The undersigned inquired if Mr. Evans consumed any illicit substances and/or alcohol prior to this accident, and he stated he had not. On October 7, 2020, collateral contact with the OPD officer on scene indicated that Mr. Evans was very intoxicated on October 5, 2020. On October 7, 2020, the undersigned was able to speak with Mr. Evans via telephone, and he was again questioned if he consumed alcohol on or about October 5, 2020, in which he admitted to consuming alcoholic beverages on October 4 and 5, 2020. Mr. Evans apologized for his initial dishonesty.

3   **Special Condition # 17**: You must not enter into or remain in any establishment where alcohol is the primary sale. You must abstain from alcohol and must submit to urinalysis and Breathalyzer testing as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from this substance.

**Supporting Evidence**: Mr. Evans is alleged to have violated the terms of his supervised release by consuming alcohol on October 4 and 5, 2020, a direct violation of special condition number 17.

On September 22, 2020, Mr. Evans reported to the U.S. Probation Office for the purpose of an intake. It was at that time he was informed of all mandatory, standard, and special conditions of supervised release. Mr. Evans acknowledged he understood his obligation to the Court.

On October 5, 2020, per OPD report R20-0825, an OPD officer reported Mr. Evans was having trouble walking in a straight line, that he had very red and watery eyes, his speech was slurred, and that the officer detected a strong odor of intoxicants coming from Mr. Evans' person. Mr. Evans admitted to the OPD officer that he consumed alcoholic beverages

Prob12C
Re: Evans, Ian Christopher
October 14, 2020
Page 3

on October 4, 2020. On October 7, 2020, Mr. Evans admitted to the undersigned that he consumed alcoholic beverages on October 4 and 5, 2020.

The U.S. Probation Office respectfully recommends the Court issue a summons requiring the offender to appear to answer to the allegation(s) contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 10/14/2020

s/Jonathan C. Bot

Jonathan C. Bot
U.S. Probation Officer

THE COURT ORDERS

[ ] No Action
[ ] The Issuance of a Warrant
[X] The Issuance of a Summons
[ ] Other

Signature of Judicial Officer

10/14/2020
Date